**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DAISY TRUST,                          )
                                      )
       Plaintiff,             )  2:13-cv-00966-RCJ-VCF
                                      )
  vs.                                 )  **ORDER**
JPMORGAN CHASE BANK, N.A.; MTC        )
FINANCIAL, INC. dba TRUSTEE CORPS;    )
and CLAIRE ALI,                       )
                                      )
       Defendants.            )
                                      )

       This quiet title action arises out of the foreclosure of an HOA lien. Plaintiff has moved to remand (ECF No. 8), and Defendants Chase and MTC have separately moved to dismiss (ECF Nos. 10 and 15). For the reasons stated herein, the motion to remand is denied, the motions to dismiss are granted, and the complaint is dismissed with prejudice.

**I.    FACTS AND PROCEDURAL HISTORY**

       The facts in this case are undisputed. In 2007, Defendant Claire Ali obtained a $278,400 mortgage loan to purchase property located at 8769 Country View Avenue, Las Vegas, Nevada 89129 (the "Property").[1] The loan was evidenced by a promissory note and secured by a deed of trust (the "DOT"), which was properly recorded on February 9, 2005. Defendant JPMorgan

---

[1] As Plaintiff's complaint provides very few specific facts, the Court must rely heavily on the documents provided by Defendants to understand the factual background of this case. The Court judicially recognizes all of the following documents: the complaint, the deed of trust, the substitutions of trustee, the loan modification agreement, the assignment of the deed of trust, the notice of delinquent assessment (lien), the notice of breach and default and election to cause sale of real property under deed of trust, and the trustee's deed upon sale. *See Intri-Plea Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

1

Chase ("Chase") is the beneficiary of the DOT, and Defendant MTC Financial ("MTC") is the trustee.

On September 9, 2009, and as a result of Ali's failure to pay homeowners' association fees, the El Capitan Homeowners Association (the "HOA") recorded a lien for delinquent assessments. The HOA later foreclosed on the Property, and on September 5, 2012, Plaintiff Daisy Trust ("Daisy" or "Plaintiff") purchased the property for $8,600 at the foreclosure sale. The deed of sale was recorded on September 11, 2012.

On April 30, 2013, Daisy commenced this lawsuit, seeking quiet title, declaratory relief, and to enjoin any party from foreclosing on the property. MTC removed the action to this Court, claiming diversity of citizenship and that Ali is a sham defendant. Chase and MTC have each filed motions to dismiss, and Daisy has moved to remand.

## II.    MOTION TO REMAND

### A.  Legal Standard

A complaint filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action had it been brought in federal court in the first place. 28 U.S.C. § 1441(a). This court has original jurisdiction, pursuant to 28 U.S.C. § 1332(a), over suits between citizens of different states for which the amount in controversy exceeds $75,000.

"The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The defendant bears the burden of establishing that removal is proper." *Id.*

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). "Further, the defendant is entitled to present the facts showing the joinder to be fraudulent." *Id.* (internal citation omitted).

### B. Analysis

Daisy moves the Court to remand, arguing that the Court lacks diversity jurisdiction. Specifically, Daisy contends that it is a citizen of Nevada and that Defendant Ali is also citizen of Nevada. Daisy argues that Ali is a proper defendant in the quiet title action because she the former owner of the Property. Daisy also contends that because "there is no money in controversy," the amount in controversy does not exceed $75,000.

As an initial matter, Daisy's amount-in-controversy argument sorely confuses a well-settled, jurisdictional rule: "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, (1977). Here, Chase has submitted properly authenticated documents showing that its first position DOT secures payment of a loan in excess of $270,000. Therefore, the amount in controversy easily exceeds the minimum requirement for diversity jurisdiction.

Accordingly, the court now turns to whether Ali is a fraudulently joined defendant. She is. Daisy is attempting to quiet title, and, by joining Ali, it ostensibly seeks to establish that its rights in the Property are superior to Ali's. However, in its motion for remand, Daisy rightly asserts that Ali is a former owner of the property—*former*, being the operative word.

Indeed, the HOA foreclosed on the property pursuant to NRS § 116.3116 because of Ali's delinquency in paying the HOA fees. ( Compl., ECF No. 1-2, at 5). The complaint affirmatively states that the foreclosure sale complied with the requirements of NRS §116, (*id.*), and NRS §116.31166 plainly provides: "[t]he sale of a unit pursuant [to this statutory scheme] vests in the purchaser the title of the unit's owner without equity or right of redemption." Therefore, according to Daisy's own pleadings, the foreclosure sale extinguished all of Ali's rights or interests in the Property. Thus, Ali is simply not implicated in an action to quiet title. Moreover, the complaint fails to allege or even imply that Ali has asserted, or threatened to assert, any rights in the property.

Nonetheless, Daisy maintains that Ali is a necessary party, asserting that it cannot obtain complete relief, in the form of clear and marketable title, without Ali's joinder, because "there is no title company in Clark County, Nevada that will issue a policy of title insurance based upon a foreclosure deed arising from a foreclosure [of] a homeowners association lien," without a court order of quiet title against the former owner. (Mot. to Remand, ECF No. 8, at2). This argument is unpersuasive. That private companies may choose, as a business decision, not to issue title insurance under such circumstances is irrelevant. The critical question is whether Daisy has a quiet title claim against Ali. *See Morris*, 236 F.3d at 1067. It does not. A quiet title claim is not forced into existence merely because a private enterprise refuses to issue title insurance in the

absence of a court order on a hypothetical claim. Ali is plainly a sham defendant; this court has original, diversity jurisdiction and denies the motion to remand.

## III.     MOTION TO DISMISS

### A.  Legal Standard

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d

868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay,

6

bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B. Analysis**

Daisy appears to assert three causes of action[2]: (1) permanent injunction; (2) quiet title; and (3) declaratory relief. Defendants argue that "claims" for injunctive or declaratory relief are not proper causes of action. Defendants are correct; declaratory relief, like injunctive relief, is a remedy, not an underlying substantive claim. *Tyler v. Am. Home Mortgage*, No. 3:10-CV-00042-ECR-VPC, 2011 WL 5025234 at *6 (D. Nev. Oct. 21, 2011) (citing *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007)); *see also Jensen v. Quality Loan Service Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010) ("An injunction is a remedy, not a separate claim or cause of action. A pleading can . . . request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate."). Therefore, the purported causes of action for injunctive and declaratory relief are dismissed, and the Court is left to consider the quiet title claim.

In order to prevail on the quiet title claim, Daisy must establish (1) that the HOA had "super-priority" lien under NRS §116.3116; and (2) that the foreclosure of that super-priority lien extinguished Chase's first position DOT. However, as a matter of law, Daisy cannot establish that the foreclosure of the HOA lien extinguished Chase's first position DOT.

---

[2] The complaint has headings entitled "SECOND CLAIM FOR RELIEF" and "THIRD CLAIM FOR RELIEF," but there is no heading entitled "FIRST CLAIM FOR RELIEF." (*See* Compl., ECF No. 1-2, at 4–7).

During recent months, this district has faced a deluge of plaintiffs seeking to quiet title after acquiring a property, for a paltry sum, at an HOA foreclosure sale. Each plaintiff relies on an identical, albeit incorrect, interpretation of NRS § 116.3116 for the proposition that the HOA foreclosure sale extinguished defendants' first position security interest in the subject property. This case is no different.

With a single exception, every court in this district tasked with interpreting NRS § 116.3116 has rejected Plaintiff's construction. The resounding majority has concluded that while NRS § 116.3116 creates a limited super-priority lien for nine months of HOA assessments leading up to the foreclosure of the first mortgage, it does not alter or extinguish a first position security interest.[3] *See, e.g.*, *Salvador v. Nat'l Default Servicing Corp.*, No. 2:13-CV-1011-JCM-GWF, 2013 WL 6019211 (D. Nev. Nov. 13, 2013); *Premier One Holdings, Inc. v. BAC Home Loans Servicing LP, et al.*, No. 2:13-CV-00895-JCM-GWF, 2013 WL 4048573 (D. Nev. Aug. 9, 2013); *Kal-Mor-USA, LLC v. Bank of America, N.A.*, No. 2:13-CV-0680-LDG-VCF, 2013 WL 3729849 (D. Nev. July 8, 2013); *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, No. 2:13-CV-00164-RCJ-NJK, 2013 WL 2460452 (D. Nev. June 6, 2013); *Weeping Hollow Ave. Trust v. Spencer*, No. 2:13-CV-00544-JCM-VCF, 2013 WL 2296313 (D. Nev. May 24, 2013); *Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, No. 2:12-CV-00949-KJD-RJJ, 2013 WL531092 (D. Nev. Feb. 11, 2013); *but see 7912 Limbwood Court Trust v. Wells Fargo Bank,*

---

[3] Furthermore, at least seven Nevada state court cases confirm this interpretation, *see, e.g.*, *JPMorgan Chase Bank, N.A. v. Countrywide Home Loans, Inc*., No. A-08-4 562678, Dept. 16; *Korbel Family Trust v. Spring Mountain Ranch Master Ass'n*, No. 06-A-523959-C; *Villa Palms Court 102 Trust v. William L. Riley*, No. A-13-674595-C, Dept.16; *Sanucci Ct. Trust v. Joseph Elevado*, Case No. A-12-670423-C, Dept. 30; *Design 3.2 v. Bank of New York Mellon*, Case No. A-10-621628-C, and the Court predicts that the Nevada Supreme Court would do the same. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007) ("Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it.").

*N.A.*, No. 2:13-CV-00506-PMP-GWF, 2013 WL 5780793 (D. Nev. Oct. 28, 2013). As the Court explained in *Bayview Loan Servicing*, this construction, unlike Plaintiff's, gives meaning to all portions of statutory scheme, avoids an absurd result almost certainly unintended by the state legislature,[4] and coincides with the dominate behavior in the real estate market. 2013 WL 2460452 at *6. Accordingly, the Court concludes, as it has before, that under NRS §116.3116 a party who purchases a property at an HOA foreclosure sale acquires the property subject to the prior security interest(s). Thus, Daisy cannot allege, in good faith, that she acquired the Property free of Chase's security interest. Therefore, the quiet title claim fails as a matter of law, and the complaint is dismissed with prejudice.

///

///

///

///

///

---

[4] Under Plaintiff's interpretation, the foreclosure of a small lien, in this case one for the paltry sum of $819, would extinguish an earlier-recorded security interest on the order of hundreds of thousands of dollars. Such a result is not only inconsistent with the purpose of the super-priority statute, which is simply to ensure that HOA's are made whole up to a certain amount, it is difficult to reconcile with Nevada's race-notice recording statute, *See* Nev. Rev. Stat. Ann. § 111.320 (West); *cf. Centano v. Mortgage Electronic Registration Systems, Inc.*, No. 2:11-CV-02105-GMN-RJJ, 2013 WL 3730528 (D. Nev. Aug. 28, 2012) (relying on, and justifiably so, the importance of the chronological order of recordation dates in a bank's deed of trust and an HOA's assessment), and raises serious questions under the Contract Clause of the U.S. Constitution, *See Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234 (1978) ("[A]lthough the absolute language of the Clause must leave room for the essential attributes of sovereign power necessarily reserved by the States to safeguard the welfare of their citizens, that power has limits when its exercise effects substantial modifications of private contracts. Despite the customary deference courts give to state laws directed to social and economic problems, legislation adjusting the rights and responsibilities of contracting parties must be upon reasonable conditions and of a character appropriate to the public purpose justifying its adoption.") (internal quotation marks and citations omitted).

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's motion to remand (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that the motions to dismiss (ECF Nos. 10 and 15) are GRANTED.

IT IS FURTHER ORDERED that the complaint is dismissed. The Clerk of the Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated: December 11, 2013

_____
ROBERT C. JONES
United States District Judge