# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAISY TRUST, | |
|         Plaintiff, | 2:13-cv-00966-RCJ-VCF |
| vs. | **ORDER** |
| JP MORGAN CHASE BANK NA, *et al.*, | |
|         Defendants. | |

This case arises from a residential foreclosure by the development's homeowners association ("HOA") for failure to pay HOA fees. Over a year ago, the Court dismissed Plaintiff's quiet title action with prejudice based on the Court's interpretation of a Nevada law which had not at the time been construed by the Nevada Supreme Court. The issue was whether N.R.S. 116.3116 gave a HOA a true superpriority lien such that foreclosure on that lien would extinguish all other liens on a property, even the first deed of trust.

        The Court, in conformity with all but one of the courts in this District, found that N.R.S. 116.3116 created a limited superpriority that did "not alter or extinguish a first position security interest." (Dec. 11, 2013 Order 8, ECF No. 30). The Court concluded that "a party who purchases a property at an HOA foreclosure sale acquires the property subject to the prior security interest(s)." (*Id.* at 9). Accordingly, the Court ruled that Plaintiff's quiet title claim failed as a matter of law. (*Id.*). Plaintiff appealed that decision.

1   While the appeal was pending, on September 18, 2014, the Nevada Supreme Court
2   considered this question and held that N.R.S. 116.3116 "gives an HOA a true superpriority lien,
3   proper foreclosure of which will extinguish a first deed of trust." *SFR Investments Pool 1, LLC v.*
4   *U.S. Bank, NA*, 334 P.3d 408, 419 (Nev. 2014).  Rather than proceed with the appeal, the parties
5   stipulated to a dismissal thereof upon agreement that Plaintiff would seek a reconsideration of
6   this Court's prior ruling given the decision and determination of Nevada law in *SFR Investments*.
7   Thereafter, Plaintiff filed the pending Motion to Vacate, (ECF No. 46), which Defendants
8   oppose only in part, (ECF No. 47).  In addition to dismissing the case, the Court in its December
9   11, 2013 Order also denied Plaintiff's request to remand this case to state court.  Plaintiff's
10  present Motion appears to ask the Court to revisit that question as well, which Defendants
11  oppose. (Resp. 2, ECF No. 47).  However, Defendants agree that the previous Order "should be
12  modified to deny Chase's Motion to Dismiss" and "that the final judgment entered on December
13  13, 2013 should be set aside." (*Id.* at 1).
14  The Court finds that the Motion should be granted in part and denied in part.  *SFR*
15  *Investments* makes clear that this Court's reading of N.R.S. 116.3116 is at odds with the Nevada
16  Supreme Court's interpretation, and the statute does in fact invest HOAs with a true superpriority
17  lien so powerful that even a legitimate first deed of trust is extinguished through proper
18  foreclosure. *SFR Investments*, 334 P.3d at 414 (chiding the Bank for failing to pay off the
19  "nominal lien" in order to protect its "first deed of trust securing hundreds of thousands of
20  dollars of debt").  Therefore, the Order dismissing the case is vacated and the final judgment
21  entered thereon is set aside.[1]  The case is not remanded to state court, however.  The holding in
22  *SFR Investments* has no impact whatsoever on the Court's prior ruling denying remand.

---

[1] In granting Plaintiff's Motion to Vacate, the Court does not make any representation as to the merits of the allegations contained in the Complaint. The Court anticipates that Defendants' forthcoming answer will address

2

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate (ECF No. 46) is GRANTED in part and DENIED in part.  The Court's December 11, 2013 Order (ECF No. 30) is vacated in part.  It is vacated only as to the granting of Defendants' motions to dismiss.  The Order remains in force as to the issue of remand.

IT IS FURTHER ORDERED that the Clerk's Judgment in favor of Defendants (ECF No. 31) is set aside.

IT IS FURTHER ORDERED that Defendants file an answer to Plaintiff's Complaint within twenty-one (21) days from the entry of this Order.

IT IS SO ORDERED.

Dated:  March 27, 2015

_____
ROBERT C. JONES
United States District Judge

---

whether the foreclosure sale was made in a commercially reasonable manner, *see Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, No. 2:13-cv-00649-PMP-NJK, 2015 WL 301063, at *5 (D. Nev. Jan. 23, 2015), and whether it conformed with the Property and Supremacy Clauses of the United States Constitution, *see Washington & Sandhill Homeowners Ass'n v. Bank of America, N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565, at *6 (D. Nev. Sept. 25, 2014).