Abran E. Vigil, Esq.
Nevada Bar No. 7548
Sylvia O. Semper, Esq.
Nevada Bar No. 12863
Joseph P. Sakai
Nevada Bar No. 13578
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardspahr.com
sempers@ballardspahr.com

*Attorneys for JPMorgan Chase Bank, N.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAISY TRUST,<br><br>    Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.; MTC FINANCIAL, INC., dba TRUSTEE CORPS; and CLAIRE ALI,<br><br>    Defendants. | CASE NO. 2:13-CV-00966-RCJ-VCF<br><br>**STIPULATED MOTION TO AMEND SCHEDULING ORDER**<br><br>**(FOURTH REQUEST)** |

Pursuant to Fed. R. Civ. P. 16(b)(4) and LR IA 6-1 and LR 26-4, Plaintiff Daisy Trust ("Plaintiff") and Defendant JPMorgan Chase Bank, N.A. ("Chase") (collectively, the "Parties"), by and through their undersigned counsel of record, hereby stipulate to amend the Scheduling Order entered on July 14, 2016 [ECF No. 69].

The Parties have previously exchanged documents in this matter and responded to written discovery requests. The Parties seek to extend by sixty (60) days all remaining discovery and scheduling dates that have not yet passed to ensure available time to pursue necessary discovery, including party and non-party depositions.

DMWEST #14370658 v2

Although the deadline to request an extension of the discovery has passed (current close of discovery is August 30, 2016), Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that the Court may, for good cause, extend the time if the party failed to act because of excusable neglect. "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citations omitted). Here, all four factors weigh in favor of granting a sixty (60) day extension.

The amendment to the current scheduling order is necessary in order to allow sufficient time for the court to issue a ruling on Plaintiff's objection to, and motion for reconsideration of, Magistrate Ferenbach's Order Denying Plaintiff's Motion for Protective Order [ECF No. 75]. In addition, despite repeated efforts to notice the depositions of El Capitan Ranch Landscape Maintenance Association and Alessi & Koenig, there have been several last minute scheduling conflicts and cancellations requiring these depositions to be re-noticed as well. The cancellations and rescheduling of the deposition of El Capitan Ranch were a result of not receiving documents responsive to the subpoena duces tecum. The scheduling conflicts were a result of Alessi & Koenig's increasingly crowded calendar of 30(b)(6) depositions for similar Nevada HOA Lien matters in which Alessi & Koenig served as the agent for the homeowners association. The Parties are currently working with both Alessi & Koenig and El Capitan Ranch to determine mutually agreeable dates on which Chase may take these depositions.

Further, the Ninth Circuit's recent opinions in *Weeping Hollow Avenue Trust v. Spencer, et al.*, __ F.3d __ (9th Cir. 2016) and *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, __ F.3d __ (9th Cir. 2016), have made additional motion practice in this action necessary. That motion practice may have an effect on the upcoming

depositions, as well as the ability of this Court to further hear this matter. It necessarily follows that these motions must be fully briefed and decided prior to the taking of deposition testimony.

*(remainder of page intentionally left blank)*

1    Neither party will be prejudiced by the brief extension to discovery.
2 Accordingly, the Parties hereby stipulate and jointly request that the Court enter a
3 Second Amended Scheduling Order modifying the current Scheduling Order to
4 establish the following deadlines:

5   6.   *Discovery Cut-Off Date*
6        a.   October 31, 2016
7   9.   *Dispositive Motions*
8        a.   November 30, 2016
9   11.  *Joint Pretrial Order*
10       a.   January 6, 2016

11 The Parties make this request in good faith and not for the purposes of delay.

12   Dated: September 1, 2016

| BALLARD SPAHR LLP | LAW OFFICES OF MICHAEL F. BOHN, ESQ. LTD. |
|---|---|
| By: __/s/ Sylvia Semper_____<br>Abran E. Vigil<br>Nevada Bar No. 7548<br>Sylvia O. Semper<br>Nevada Bar No. 12863<br>Joseph P. Sakai<br>Nevada Bar No. 13578<br>100 N. City Parkway, Suite 1750<br>Las Vegas, Nevada 89106<br><br>*Attorneys for Intervenor JPMorgan Chase Bank, N.A.* | By: __/s/ Michael Bohn_____<br>Michael F. Bohn, Esq.<br>Nevada Bar No. 1641<br>376 East Warm Springs Road<br>Suite 140<br>Las Vegas, Nevada 89119<br><br>*Attorney for Daisy Trust* |

## ORDER

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  9-2-2016
_____

4

DMWEST #14370658 v2