**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAISY TRUST,

        Plaintiff,

vs.

JP MORGAN CHASE BANK et al.,

        Defendants.

2:13-cv-00966-RCJ-VCF

**ORDER**

This case arises from a residential foreclosure by the El Capitan Homeowners Association ("HOA") for failure to pay HOA fees. Pending before the Court are Plaintiff Daisy Trust's Motion to Reconsider the Court's order denying remand (ECF No. 74) and objection to the Magistrate Judge's order denying protective order (ECF No. 75) under Federal Rule of Civil Procedure 72(a).[1] For the reasons given herein, the Court grants the Motion to Reconsider in part and denies it in part without prejudice, and overrules the objection.

**I.   FACTS AND PROCEDURAL BACKGROUND**

In 2007, Defendant Claire Ali ("Ali") obtained a $278,400 mortgage loan to purchase property located at 8769 Country View Avenue, Las Vegas, Nevada 89129 (the "Property"). The

---

[1] Perhaps in an effort to claim a more favorable standard of review, Daisy Trust has incorrectly asserted that its objection falls under 28 U.S.C. §§ 636(b)(1)(B)–(C), pertaining to a magistrate judge's findings of fact and recommendations for disposition. However, it is quite clear that Daisy Trust is objecting to the Magistrate Judge's order on a non-dispositive, pre-trial motion within the ambit of 28 U.S.C. § 636(b)(1)(A). Accordingly, the correct procedure is set forth in Rule 72(a), and the correct standard of review is "clearly erroneous or contrary to law."

loan was evidenced by a promissory note and secured by a deed of trust ("DOT"), which was properly recorded on February 9, 2005. Defendant JPMorgan Chase ("Chase") is the beneficiary of the DOT, and Defendant MTC Financial ("MTC") is the trustee.

On September 9, 2009, as a result of Ali's failure to pay HOA fees, the HOA recorded a lien for delinquent assessment. The HOA later foreclosed, and on September 5, 2012, Daisy Trust purchased the Property for $8,600 at the foreclosure sale. The deed of sale was recorded on September 11, 2012.

On April 30, 2013, Daisy Trust commenced this lawsuit, seeking quiet title, declaratory relief, and to enjoin any party from foreclosing on the Property. MTC removed the action to this Court, claiming diversity of citizenship and that Ali, a Nevada citizen, was joined as a sham defendant in order to destroy complete diversity. Thereafter, Daisy Trust moved to remand, and MTC and Chase moved to dismiss Daisy Trust's complaint. On December 11, 2013, the Court denied Daisy Trust's motion to remand, finding that Ali was fraudulently joined. (ECF No. 30.) The Court also granted Defendants' motions to dismiss, and directed the Clerk of the Court to enter judgment in favor of Defendants and close the case. (*Id.*)

At the time of dismissal, the Nevada Supreme Court had yet to rule on whether NRS 116.3116 gave HOAs a true superpriority lien such that foreclosure on that lien would extinguish all other liens on a property, even the first deed of trust. In dismissing Daisy Trust's Complaint, this Court, in conformity with all but one of the courts in this District, found that NRS 116.3116 created a limited superpriority that did "not alter or extinguish a first position security interest."

On January 8, 2014, Daisy Trust filed a Notice of Appeal at the Ninth Circuit. (ECF No. 33.) While the appeal was pending, on September 18, 2014, the Nevada Supreme Court held that NRS 116.3116 "gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *SFR Investments Pool 1, LLC v. U.S. Bank, NA*, 334 P.3d 408,

419 (Nev. 2014). Rather than proceed with the appeal, the parties stipulated to a dismissal thereof upon agreement that Daisy Trust would seek a reconsideration of this Court's prior ruling given the decision in *SFR Investments*. Accordingly, Daisy Trust filed a motion to vacate, which the Court granted. (ECF No. 48.) However, the Court denied Daisy Trust's contemporaneous request to remand, finding that "[t]he holding in *SFR Investments* has no impact whatsoever on the Court's prior ruling denying remand." (*Id.* at 2.)

Subsequently, on July 8, 2016, Daisy Trust filed a motion for a protective order regarding several deposition topics included in Chase's notice of Rule 30(b)(6) deposition of Daisy Trust. (ECF No. 66.) On August 5, 2016, the Magistrate Judge denied the motion, finding all the challenged deposition topics relevant to whether Daisy Trust was a bona fide purchaser, and four of the challenged topics relevant to the issue of damages. (ECF No. 73.)

Now, Daisy Trust moves the Court to reconsider its order denying remand based on an intervening change in controlling law, namely the Ninth Circuit's recent opinion in *Weeping Hollow Ave. Trust v. Spencer*, No. 13-16060, 2016 WL 4088749 (9th Cir. Aug. 2, 2016). Daisy Trust also objects to the Magistrate Judge's order denying protective order, and asks the Court to set it aside pursuant to Rule 72(a).

II.   **MOTION TO RECONSIDER**

   a. **Legal Standard**

Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or.*

*v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In some cases, "other, highly unusual, circumstances" may also warrant reconsideration. *Id.*

However, a motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013). Moreover, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.), cert. denied, 136 S. Ct. 537 (2015).

### b. Analysis

In its order denying remand of December 11, 2013, the Court held that because Ali was undisputedly a former owner of the Property, and because the Complaint failed "to allege or even imply that Ali has asserted, or threatened to assert, any rights to the Property," Ali was a fraudulently joined defendant. (Order Denying Remand 4–5, ECF No. 30.) As such, Ali's Nevada citizenship was ignored for purposes of determining diversity. (*Id.*)

Several months prior to the Court's order, on May 24, 2013, another court in this District addressed the very same issue, and likewise denied remand on the very same basis. *See Weeping Hollow Ave. Trust v. Spencer*, No. 2:13-CV-00544-JCM, 2013 WL 2296313, at *3 (D. Nev. May 24, 2013). Subsequently, however, the *Weeping Hollow* decision to deny remand was reversed by the Court of Appeals. *See Weeping Hollow Ave. Trust v. Spencer*, No. 13-16060, 2016 WL 4088749 (9th Cir. Aug. 2, 2016). The Ninth Circuit held:

> While the district court correctly pointed out that Weeping Hollow's purchase of the property at the foreclosure sale extinguished [former homeowner] Spencer's property rights, *see* Nev. Rev. Stat. § 116.31166(3), Spencer nonetheless could have challenged the foreclosure sale from which Weeping Hollow gained title on grounds "of fraud, unfairness or oppression." *Long v. Towne*, 98 Nev. 11, 639 P.2d 528, 530 (1982). In fact, just earlier this year, the Nevada Supreme Court reaffirmed *Long*, holding that "in an appropriate case, a court can grant equitable relief from a defective HOA lien foreclosure sale." *Shadow Wood HOA v. N.Y.*

*Cmty. Bancorp.*, 366 P.3d 1105, 1107 (Nev. 2016). Under Nevada law, Spencer could have brought claims challenging the HOA foreclosure sale within five years of the sale. Nev. Rev. Stat. § 11.070. Faced with the possibility that Spencer may later assert a claim to the property by arguing that the HOA foreclosure sale should be set aside on equitable grounds, Weeping Hollow reasonably chose to join her as a defendant in its action for quiet title and declaratory relief.

*Weeping Hollow*, 2016 WL 4088749, at *4. In short, because the former homeowner could challenge the HOA foreclosure sale on equitable grounds under Nevada law, it is "entirely reasonable" to join the former homeowner as a defendant, in order "to avoid potential disputes over who had title to the property." *Id.* at *5.

The Court's order denying remand (ECF No. 30) is directly at odds with the Ninth Circuit's opinion in *Weeping Hollow*. Furthermore, Chase's argument that the Ninth Circuit's opinion in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, No. 15-15233, 2016 WL 4254983, at *5 (9th Cir. Aug. 12, 2016), invalidated all of NRS Chapter 116,[2] and thereby eliminated any claim Daisy Trust might assert against Ali, is not well-taken. (*See* Resp. Mot. Recons. 5–6, ECF No. 76.) Based on *Weeping Hollow*, the propriety of joining a former homeowner as a defendant in a quiet title action following an HOA foreclosure sale is premised on the former homeowner's ability to seek *equitable relief* to set aside the sale. 2016 WL 4088749, at *4. This equitable relief is not rooted in NRS Chapter 116, so *Bourne Valley* does not affect the Court's decision here.

In light of *Weeping Hollow*, the Court is certainly inclined to reconsider its prior order denying remand. (ECF No. 30.) However, the inquiry does not end there. Upon thorough review of the record, there is insufficient evidence to establish the citizenship of Daisy Trust. MTC has alleged on information and belief that Daisy Trust is a citizen of Nevada, and Daisy Trust has not

---

[2] The Court does not reach the issue of whether the Court of Appeals invalidated all of NRS Chapter 116 in *Bourne Valley*. The Court simply notes that *Bourne Valley* only expressly established that the "opt-in" notice scheme of NRS 116.3116 is facially unconstitutional, and included no discussion of the severability of the unconstitutional provisions. 2016 WL 4254983, at *5.

disputed that allegation. (Pet. for Removal ¶ 7, ECF No. 1.) However, subject matter jurisdiction is not subject to waiver or stipulation of the parties. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Before allowing this action to proceed further, the Court must ensure that it has subject matter jurisdiction to hear it. Therefore, as the parties invoking diversity jurisdiction, Defendants will be required to proffer competent evidence of Daisy Trust's citizenship. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[T]he defendant always has the burden of establishing that removal is proper.").

The citizenship of a trust depends first on the type of trust it is. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016).

> Traditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. . . . Many States, however, have applied the "trust" label to a variety of unincorporated entities that have little in common with this traditional template.

*Id.* (citations omitted). Nevada is one such state. For example, NRS Chapter 88A provides for the creation of "business trusts," which comprise a class of unincorporated associations including, without limitation, Massachusetts trusts, real estate investment trusts pursuant to 26 U.S.C. §§ 856 *et seq.*, and trusts qualifying as real estate mortgage investment conduits pursuant to 26 U.S.C. § 860D. NRS 88A.030. Much like the Maryland real estate investment trust at issue in *Americold*, the Nevada business trust is a separate legal entity permitted to "carry on any lawful business or activity." NRS 88A.200, 88A.210(3). "So long as such an entity is unincorporated, [this Court must] apply [the] 'oft-repeated rule' that it possesses the citizenship of all its members." *Americold*, 136 S. Ct. at 1016.

The analysis changes, however, if Daisy Trust is not a distinct legal entity, but rather a traditional "fiduciary relationship" trust. In *Americold*, the Supreme Court reaffirmed that, in the

case of a traditional trust, "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Id.* In contrast, the instant action was brought by a trust itself—Daisy Trust—and not by its sole trustee Resources Group, LLC. (*See* Certificate of Interested Parties, ECF No. 6.) However, if Daisy Trust is a traditional trust, it cannot sue or be sued. The Nevada Supreme Court has confirmed as much: "A party to litigation is either a natural or an artificial person. [A trust] is neither. It is the trustee, or trustees, rather than the trust itself that is entitled to bring suit." *Causey v. Carpenters S. Nevada Vacation Trust*, 600 P.2d 244, 245 (Nev. 1979).

Therefore, if Daisy Trust is a traditional trust, the instant action must be brought in the name of its trustee. Furthermore, to assess the Court's jurisdiction over this matter, discovery must be conducted regarding the citizenship of Daisy Trust's trustee. Because Resources Group, LLC is an unincorporated entity, it will be necessary to determine the citizenship of all its members. A similar investigation must be conducted if Daisy Trust is a business trust. In that case, however, Defendants will need to inquire directly into the citizenship of Daisy Trust's members (i.e., its beneficiaries), pursuant to *Americold*, rather than the citizenship of its trustee. In either case, the citizenship inquiry must continue "through however many layers of partners or members there may be." *Orton v. First Horizon Nat. Corp.*, No. 3:11-cv-00630-ECR, 2012 WL 1985294, at *2 (D. Nev. June 4, 2012) (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).

Accordingly, the Motion to Reconsider is granted in part, in light of *Weeping Hollow*, and the Court sets aside that portion of its prior order (ECF No. 30) holding that Ms. Ali was a fraudulently joined defendant. The Motion is also denied in part, without prejudice. Defendants shall have ninety days from the issuance of this Order to conduct jurisdictional discovery regarding: (1) the nature of Daisy Trust (i.e., the type of trust it is); (2) if a fiduciary relationship,

the citizenship of its trustee; and (3) if an unassociated entity, the citizenship of its members. Following the ninety-day discovery period, Daisy Trust may renew its motion. If it is discovered that Daisy Trust is a non-entity traditional trust, the Court will grant leave to amend the Complaint in the name of the proper plaintiff—Resources Group, LLC.

### III.     RULE 72(a) OBJECTION TO MAGISTRATE JUDGE'S ORDER

#### a. Legal Standard

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). Rule 72(a) institutes an abuse-of-discretion-type standard. *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)) ("We still must determine, however, whether the court abused its discretion in issuing its order based on the facts before it which are supported by the record. Under the abuse of discretion standard, we cannot simply substitute our judgment for that of the district court, but must be left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors.").

#### b. Analysis

Daisy Trust has presented no basis for this Court to find the Magistrate Judge's order is clearly erroneous or contrary to law. In fact, Daisy Trust has submitted substantially the same

motion for protective order the Magistrate Judge previously denied, and asks this Court to conduct a *de novo* review. As explained *supra*, however, the correct standard of review under Rule 72(a) is "clearly erroneous or contrary to law," and therefore this Court "may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

In holding that all of the contested deposition topics seek relevant and discoverable information, the Magistrate Judge made the following specific findings:

- Daisy Trust asserts that it is a bona fide purchaser of the Property;
- Chase asserts that Daisy Trust's operations and practices contradict Daisy Trust's bona fide purchaser argument;
- "Information about Daisy Trust's preparation for the HOA sale, Daisy Trust's purchasing agent, and [Daisy Trust's] policies regarding the purchase of HOA foreclosed upon properties is relevant to whether Daisy Trust was a bona fide purchaser";
- Chase contends that Daisy Trust "took advantage of the protracted HOA foreclosure litigation in Nevada to rent out homes it purchased for extended periods of time in order to recoup the purchase price";
- Chase would be entitled to know what damages Daisy Trust may claim in the event the HOA sale is unwound;
- That "[i]nformation about Daisy Trust's internal operations, company structure, use of the purchased properties, and profits derived from the purchased properties is relevant to the issues of whether Daisy Trust was a bona fide purchaser and whether Daisy Trust would suffer damage if the HOA sale was unwound."

(Order Denying Protective Order 2–3, ECF No. 73.) The Order suggests the Magistrate Judge fully considered the issues presented and soundly exercised his discretion in ruling on them.

The Court notes that the Magistrate Judge's Order does not specifically address the trade secret and financial status arguments raised in Daisy Trust's motion for protective order, but this does not amount to error. First, in its motion Daisy Trust merely quoted NRS 600A.030(5) and 600A.070, pertaining to trade secrets and the court's authority to grant protective orders regarding them. However, Daisy Trust made no argument and presented no supporting evidence to demonstrate that its generalized "practices, procedures, and preparations" actually constitute trade secrets under Nevada law, or that it would be harmed or prejudiced by the divulgence of such information. A party seeking a protective order has the burden to "show good cause [for the order] by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir.2004) (internal quotation marks omitted). Second, the case law Daisy Trust cites to argue that its 30(b)(6) designee should not have to respond to Topic 17, relating to the source of the funds used to purchase the Property, is inapposite. Daisy Trust cites *Hetter v. Eighth Judicial District Court*, 874 P.2d 762 (1994), for the proposition that "before tax returns or financial records are discoverable on the issue of punitive damages, the plaintiff must demonstrate some factual basis for its punitive damage claim." *Id.* at 766. However, Chase is not seeking tax returns or broad financial records for the purpose of establishing Daisy Trust's financial condition; rather, it is merely seeking the source of the purchase funds. Furthermore, the Magistrate Judge did not permit Topic 17 on the basis that it was relevant to punitive damages, but that it was relevant to whether Daisy Trust was a bona fide purchaser.

The Court is not persuaded that the Magistrate Judge's decision was clearly erroneous or contrary to law. Accordingly, the Court overrules Daisy Trust's objection and declines to reconsider the Magistrate Judge's denial of the motion for protective order.

/ / /

/ / /

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (#74) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE. The Court sets aside that portion of its prior order (ECF No. 30) holding that Defendant Claire Ali was fraudulently joined and disregarding Ali's Nevada citizenship for purposes of diversity jurisdiction. However, the Court will not remand at this time.

IT IS FURTHER ORDERED that Defendants shall have ninety (90) days from the date of issuance of this Order to conduct jurisdictional discovery as described herein. Daisy Trust shall cooperate with this discovery to the extent it is reasonably tailored to the issue of diversity. Following these ninety days, if appropriate, Daisy Trust may renew its Motion.

IT IS FURTHER ORDERED that Daisy Trust's objection to the Magistrate Judge's order denying protective order (#75) is OVERRULED.

IT IS SO ORDERED December 6, 2016.

_____
ROBERT C. JONES
United States District Judge