1

2                    **UNITED STATES DISTRICT COURT**

3                          **DISTRICT OF NEVADA**

4                                    **\*\*\***

5

6    DAISY TRUST,

7                         Plaintiff,

8    vs.                                          Case No. 2:13–cv–00966–RCJ–VCF

9    JP MORGAN CHASE BANK., N.A., *et al.*,       **ORDER**

10                        Defendants.

11

12            This matter involves a homeowner's association ("HOA") foreclosure of a single family residence.

13   Before the Court is JP Morgan Chase's ("Chase's") motion to compel (ECF No. 93).  No Opposition has

14   been filed.  For the reasons stated below, Chase's motion to compel is granted.

15                                  **BACKGROUND**

16            Defendant Claire Ali obtained a $278,400 loan to purchase a home located at 8769 Country View

17   Avenue, Las Vegas, Nevada 89129.  (ECF No. 84 at 1).  The loan was secured by a deed of trust.

18   Defendant Chase is the beneficiary of that deed of trust and Defendant MTC Financial, Inc. is the trustee.

19   *Id.* at 2.  As a result of Ali's failure to pay HOA fees, the HOA foreclosed and on September 5, 2012 Daisy

20   Trust purchased the home for $8600 at a foreclosure sale.  *Id.*  Daisy Trust commenced this suit seeking

21   quiet title, declaratory relief and to enjoin any party from foreclosing on the home.  *Id.*  MTC removed the

22   action to this court and claimed Ali was joined as a sham defendant.  *Id.*  Daisy Trust moved to remand

23   but the court denied the motion.  Thereafter, the Ninth Circuit issued its opinion in *Weeping Hollow*

24   *Avenue Trust v. Spencer* (holding former homeowner is not a fraudulently- joined party to a quiet title

25   action in a HOA foreclosure because a former homeowner may challenge the foreclosure on equitable

grounds).  (ECF No. 93 at 2).  Daisy Trust then moved for reconsideration of the order denying remand based on the change in controlling law.  (ECF No. 84 at 3).  The Court granted Daisy Trust's Motion to Reconsider in part setting aside its prior order concerning Ali being a fraudulently joined party and disregarding her citizenship for purposes of diversity jurisdiction.  *Id*. at 11.  The Court also determined there was insufficient evidence to establish the citizenship of Daisy Trust.  *Id*. at 5.  On December 6, 2016, U.S. District Judge Jones granted Defendants ninety days to proffer evidence of Daisy Trust's citizenship. *Id*. at 7, 11.

The Court ordered that it was necessary to determine the nature of Daisy Trust, if there is a fiduciary relationship, and if so, the citizenship of the trustee; and if an unassociated entity, the citizenship of its members.  *Id*. at 7-8.  Chase then served jurisdictional interrogatories and requests for production on Daisy Trust on February 1, 2017.  (ECF No. 93 at 3).  Chase sought information related to Daisy Trust's form of trust, principal place of business, citizenship of trustees, members and beneficiaries and other pertinent facts.  *Id*.  The instant motion concerns Daisy Trust's response to Chase's written discovery, which Chase argues was insufficient.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs discovery's scope and limits.  In pertinent part, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Rule 26 defines relevant information as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.  Rule 26 is liberally construed. *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).

Where—as here—a party resists discovery, the requesting party may file a motion to compel discovery.  Rule 37 governs motions to compel.  In pertinent part, it provides that a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party

fails to answer an interrogatory submitted under Rule 33" or "fails to respond" to a request under Rule 34. Before moving to compel, Rule 37 requires the movant to include a certification that the movant has "in good faith conferred or attempted to confer" with the party resisting discovery before seeking judicial intervention.  Fed. R. Civ. P. 37(a)(1); *see also ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996) (discussing the meet and confer requirement).

Parties resisting discovery carry the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975).  The objecting party must show that the discovery request is overly broad, unduly burdensome irrelevant.  *Teller v. Dogge*, No. 2:12-cv-00591-JCM, 2013 WL 1501445 (D. Nev. Apr. 10, 2013) (Magistrate Judge Foley) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253–4 (S.D. Ind. 2000).

To meet this burden, the objecting party must specifically detail the reasons why each request is improper. *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).  Boilerplate, generalized objections are inadequate and tantamount to making no objection at all. *Id*. (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3d Cir. 1986) (objecting party must show a particularized harm is likely to occur if the requesting party obtains the information that is the subject of the particular objections; generalized objections are insufficient)).

Therefore, the party opposing discovery must allege (1) specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence, or (2) sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request.  *Jackson v. Montgomery Ward & Co*., *Inc*., 173 F.R.D. 524 (D. Nev. 1997) (citations omitted); *Cory v. Aztec Steel Bldg*., Inc., 225 F .R.D. 667, 672 (D. Kan. 2005).

The court has broad discretion in controlling discovery, *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and in determining whether discovery is burdensome or oppressive.  *Diamond State*

3

*Ins. Co. v. Rebel Oil. Inc.*, 157 F.R.D. 691, 696 (D. Nev.1994).  The court may fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense.  *United States v. Columbia Board. Sys., Inc.*, 666 F.2d 364, 369 (9th Cir.1982) *cert. denied*, 457 U.S. 1118 (1982).

### DISCUSSION

Chase's motion to compel raises two questions: (1) whether Daisy Trust should be compelled to respond to Chase's discovery request and, if so, (2) whether the Court should order Daisy Trust to pay Chase's fees, costs, and expenses in connection with the motion to compel.  Each issue is addressed below.

### I.    Chase's Motion to Compel is Granted

Chase's motion to compel is granted for three reasons.  First, Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  Chase's motion to compel was filed on June 12, 2017.  An opposition was due on June 26, 2017.  To date, no response has been filed.  This constitutes consent to the granting of the motion.

Second, Daisy Trust's responses to Chase are inadequate.  On February 1, 2017, Chase served Daisy Trust- with jurisdictional interrogatories and requests for production.  (ECF No. 93-1 at 3).  Daisy Trust responded to the requests for production without providing any documents responsive to the requests on the grounds that the requested documents were irrelevant, not reasonably calculated to lead admissible evidence, and an unwarranted intrusion into private financial matters.  *Id*.  Objections to discovery requests cannot be conclusory.  Proper objections "show" or "specifically detail" why the disputed discovery request is improper.  *Blankenship*, 519 F.2d at 429; *Walker*, 186 F.R.D. at 587; *Teller*, 2013 WL 1501445.  Here, Daisy Trust's boilerplate objections are "tantamount to making no objection at all," *see Walker*, 186

4

F.R.D. at 587 (citing *Cipollone*, 785 F.2d at 1121)), and the time to object as now expired,[1] Daisy Trust must provide Chase with meaningful responses.

On March 8, 2017, Chase received Daisy Trust's response to interrogatories. *Id*. The responses did not provide information that would allow Chase or the court to determine Daisy Trust's citizenship including the type of trust, the citizenship of its members, the citizenship of its trustee, and the citizenship of its beneficiaries. *Id*.

Third, on April 24, 2017, Chase held a meet and confer conference via telephone with Daisy Trust to discuss the inadequate discovery responses. *See id*. at 3-4; *see also*—LR 26-7(c). Daisy Trust responded that they would not provide any forthcoming supplemental responses. *Id*. at 4. Additionally, Chase sent correspondence to counsel for Daisy Trust noting their deficient responses and court instructions to cooperate in discovery to determine if this Court has jurisdiction over this matter. *Id*. Daisy Trust has not filed an opposition motion to Chase's motion to compel.

## II.   Rule 37 Sanctions Should be Imposed

Having determined that Chase's motion to compel is granted, the Court now considers whether Daisy Trust should be ordered to pay Chase's fees, costs, and expenses.

Federal Rule of Civil Procedure 37(a)(5) governs motions to compel and the payment of expenses. Rule 37(a)(5)(A) states that "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)'s Advisory Committee Notes emphasize that "expenses should ordinarily be awarded unless a court finds that the

---

[1] Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2) require objections to be made within 30 days of being served with a set of interrogatories or request for production of documents. Here, Chase's requests were served on or about February 1, 2017. Daisy Trust answered the requests for production with boilerplate objections. The time to object has expired. Daisy Trust must, therefore, answer.

losing party acted justifiably in carrying this point to court." *Id*. Advisory Comm. Notes, 1970 Amend. This provision "presses the court to address itself to abusive [discovery] practices." *Id*.

An award of expenses is inappropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's non-disclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust.   Fed. R. Civ. P. 37(a)(5)(A)(i–iii), 37(a)(5)(B).   The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. Fed. R. Civ. P.  37(a), Advisory Comm. Notes, 1970 Amend. Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Daisy Trust must pay Chase's reasonable attorney's fees and expenses.  Daisy Trust refused to provide adequate information contrary to Judge Jones' order.  In response to an interrogatory, Daisy Trust merely responded that it was a "trust" and that its trustee is Resources Group, LLC.  (ECF No. 93 at 5).  However, without information on the type of trust, the identity of the trustee is not enough to determine citizenship.  Second, despite Chase's attempt to meet to discuss the inadequate responses, Daisy Trust was unwilling to provide the necessary information even after they were directed to the court order requiring them to respond to jurisdictional discovery.  This is impermissible.  The discovery rules are designed to be self-executing to avoid unnecessary court involvement and the needless accrual of costs and expenses. *See Goodman v. Staples*, 644 F.3d 817, 827 (9th Cir. 2011) (stating that Rule 37 "gives teeth" to the rules' discovery requirements).  Here, Daisy Trust disregarded discovery requests served pursuant to the Court's order to obtain information concerning Daisy Trust's citizenship to proceed with this matter.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that JP Morgan Chase's motion to compel (ECF No. 93) is GRANTED. Proper responses must be served by August 9, 2017.

IT IS FURTHER ORDERED that JP Morgan Chase must file an AFFIDAVIT detailing the costs incurred in connection with the motion to compel no later than August 9, 2017.

IT IS FURTHER ORDERED that Daisy Trust may file a RESPONSE to JP Morgan Chase's affidavit by August 15, 2017. No replies will be considered. An additional written order will follow.

IT IS SO ORDERED.

DATED this July 11th, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE