# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAISY TRUST,

    Plaintiff,

vs.

JP MORGAN CHASE BANK et al.,

    Defendants.

2:13-cv-00966-RCJ-VCF

ORDER

This case arises from a residential foreclosure by the El Capitan Homeowners Association ("HOA") for failure to pay HOA fees. Now pending before the Court are two Motions for Summary Judgment. (ECF Nos. 101, 102.)

I.    FACTS AND PROCEDURAL BACKGROUND

In 2007, Defendant Claire Ali ("Ali") obtained a $278,400 mortgage loan to purchase property located at 8769 Country View Avenue, Las Vegas, Nevada 89129 (the "Property"). The loan was evidenced by a promissory note and secured by a deed of trust ("DOT") recorded on February 9, 2005. Defendant JPMorgan Chase ("Chase") is the beneficiary of the DOT, and Defendant MTC Financial ("MTC") is the trustee.

On September 9, 2009, as a result of Ali's failure to pay HOA fees, the HOA recorded a lien for delinquent assessment. The HOA later foreclosed, and on September 5, 2012, Daisy Trust purchased the Property for $8,600 at the foreclosure sale. The deed of sale was recorded on

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAISY TRUST,

    Plaintiff,

vs.

JP MORGAN CHASE BANK et al.,

    Defendants.

2:13-cv-00966-RCJ-VCF

ORDER

This case arises from a residential foreclosure by the El Capitan Homeowners Association ("HOA") for failure to pay HOA fees. Now pending before the Court are two Motions for Summary Judgment. (ECF Nos. 101, 102.)

I.    FACTS AND PROCEDURAL BACKGROUND

In 2007, Defendant Claire Ali ("Ali") obtained a $278,400 mortgage loan to purchase property located at 8769 Country View Avenue, Las Vegas, Nevada 89129 (the "Property"). The loan was evidenced by a promissory note and secured by a deed of trust ("DOT") recorded on February 9, 2005. Defendant JPMorgan Chase ("Chase") is the beneficiary of the DOT, and Defendant MTC Financial ("MTC") is the trustee.

On September 9, 2009, as a result of Ali's failure to pay HOA fees, the HOA recorded a lien for delinquent assessment. The HOA later foreclosed, and on September 5, 2012, Daisy Trust purchased the Property for $8,600 at the foreclosure sale. The deed of sale was recorded on

September 11, 2012. Thereafter, Chase recorded a notice of default and election to sell under its DOT. As a result of Chase's steps toward foreclosure, Daisy Trust commenced this lawsuit, seeking to enjoin the sale and quiet its title to the Property.

On May 31, 2013, MTC removed the action to this Court. MTC alleged that Daisy Trust is a citizen of Nevada, and that MTC and Chase are citizens of California and Ohio, respectively. MTC further alleged that Ali, a Nevada citizen, was joined as a sham defendant in order to destroy complete diversity. Daisy Trust moved to remand, arguing that Ali was properly joined and thus diversity did not exist. Around the same time, MTC and Chase also moved to dismiss Daisy Trust's complaint. On December 11, 2013, the Court denied Daisy Trust's motion to remand, finding that Ali was fraudulently joined. (Order, ECF No. 30.) The Court also granted Defendants' motions to dismiss, and directed the Clerk of the Court to enter judgment in favor of Defendants and close the case. (*Id.*)

At the time of dismissal, the Nevada Supreme Court had yet to rule on whether NRS 116.3116 gave HOAs a true superpriority lien such that foreclosure on that lien would extinguish all other liens on a property, even the first deed of trust. In dismissing Daisy Trust's complaint, this Court, in conformity with all but one of the courts in this District, found that NRS 116.3116 created a limited superpriority that did "not alter or extinguish a first position security interest."

On January 8, 2014, Daisy Trust filed a Notice of Appeal at the Ninth Circuit. (ECF No. 33.) While the appeal was pending, on September 18, 2014, the Nevada Supreme Court held that NRS 116.3116 "gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *SFR Investments Pool 1, LLC v. U.S. Bank, NA*, 334 P.3d 408, 419 (Nev. 2014). Rather than proceed with the appeal, the parties stipulated to a dismissal thereof upon agreement that Daisy Trust would seek a reconsideration of this Court's prior ruling given the decision in *SFR Investments*. Accordingly, Daisy Trust filed a motion to vacate, which

the Court granted. (ECF No. 48.) However, the Court denied Daisy Trust's contemporaneous request to remand, finding that "[t]he holding in *SFR Investments* has no impact whatsoever on the Court's prior ruling denying remand." (*Id.* at 2.)

Subsequently, on August 10, 2016, Daisy Trust filed a motion for reconsideration of the Court's prior order denying remand based on a change in controlling law at the Ninth Circuit. (Mot. Recon., ECF No. 74.) In *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1111 (9th Cir. 2016), the Ninth Circuit held that, because a former homeowner could challenge an HOA foreclosure sale on equitable grounds under Nevada law, it is "entirely reasonable" to join the former homeowner as a defendant in a quiet title action arising from the sale, in order "to avoid potential disputes over who had title to the property." *Id.* at 1114. In ruling on the motion to reconsider, this Court found that its order denying remand was "directly at odds with the Ninth Circuit's opinion in *Weeping Hollow*." (Order 5, ECF No. 84.) Accordingly, the Court set aside "that portion of its prior order (ECF No. 30) holding that Ms. Ali was a fraudulently joined defendant." (*Id.* at 7.)

However, the Court did not remand the case at that time, despite the fact that Daisy Trust and Ali were both alleged to be Nevada citizens. Rather, the Court expressed its opinion that MTC, upon removing the case, had not sufficiently alleged the citizenship of Daisy Trust:

> MTC has alleged on information and belief that Daisy Trust is a citizen of Nevada, and Daisy Trust has not disputed that allegation. (Pet. for Removal ¶ 7, ECF No. 1.) However, subject matter jurisdiction is not subject to waiver or stipulation of the parties. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Before allowing this action to proceed further, the Court must ensure that it has subject matter jurisdiction to hear it. Therefore, as the parties invoking diversity jurisdiction, Defendants will be required to proffer competent evidence of Daisy Trust's citizenship. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[T]he defendant always has the burden of establishing that removal is proper.").

///

(Order 5–6, ECF No. 84.) Accordingly, the Court granted Defendants a period of ninety days to conduct jurisdictional discovery regarding: (1) the nature of Daisy Trust (i.e., the type of trust it is); (2) if a fiduciary relationship, the citizenship of its trustee; and (3) if an unassociated entity, the citizenship of its members. (*Id.* at 7–8.)

To date, MTC has not provided additional information regarding the nature or citizenship of Daisy Trust. However, it does appear that some jurisdictional discovery was conducted. On June 12, 2017, Chase filed a motion to compel Daisy Trust to provide further information in response to jurisdictional discovery. (Mot. Compel, ECF No. 94.) On July 18, 2017, the magistrate judge granted that motion, on the grounds that it was not opposed and that Daisy Trust's responses to the jurisdictional discovery propounded by Chase had been inadequate. (Order, ECF No. 96.) The magistrate judge also awarded Rule 37 sanctions, requiring Daisy Trust to pay Chase's fees and costs in bringing the motion to compel.

Now, Daisy Trust and Chase both move for summary judgment. (ECF Nos. 101, 102.)

## II. ANALYSIS

As the party invoking the removal statute, MTC has the burden of establishing federal jurisdiction. *See Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir. 1989). After being notified by the Court that its allegations of Daisy Trust's citizenship were not adequate, and being afforded an opportunity to conduct jurisdictional discovery, MTC has made no new attempt to establish the citizenship of Daisy Trust. Therefore, MTC has failed to meet its burden under the removal statute.

Furthermore, the Court is left only with MTC's initial allegation upon removal that Daisy Trust is a citizen of Nevada. Because it has been determined that Ali, who is also a Nevada citizen, is a proper defendant in this action, MTC's initial allegation shows a lack of diversity on its face. The Court gave MTC an opportunity to discover jurisdictional facts that might support

its claim of diversity of citizenship, but this appears to have yielded no fruit. Accordingly, the Court has no choice but to remand the case.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions for Summary Judgment (ECF Nos. 101, 102) are DENIED AS MOOT.

IT IS FURTHER ORDERED that the case is REMANDED to the Eighth Judicial District Court of Clark County, Nevada, and the Clerk shall close the case.

IT IS SO ORDERED. January 29, 2018.

_____
ROBERT C. JONES
United States District Judge